UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-807(DSD/JMM)

United States of America,

Petitioner,

v. **ORDER**

Timothy Eckerson,

Respondent.

This matter is before the court on respondent's objections to the report and recommendation of Magistrate Judge John M. Mason dated July 16, 2001. In his report, the magistrate judge recommended that the government's petition under 18 U.S.C. § 4245 to determine the present mental condition of respondent, a federal prisoner, be granted and that respondent be committed to the custody of the Attorney General for medical observation and treatment at FMC-Rochester. The magistrate judge based his recommendation on evidence presented by the government which establishes that: (1) respondent suffers from a mental illness (schizophrenia); (2) respondent is in need of treatment, based on past episodes of aggression, including threats of physical violence against staff and fellow inmates, and (3) FMC-Rochester is a suitable facility at which respondent can obtain mental health treatment.

FILED 9-10-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 9-10-01
Deputy Clerk's Initials ______

Respondent objects to the recommended commitment, arguing that he is not "in need of treatment" within the meaning of 18 U.S.C. § 4245. He notes that he can properly tend to daily living activities, including eating, sleeping, dressing, showering and generally caring for himself. He also emphasizes that he has not exhibited self harm and he promises that he will not display further aggression toward staff and fellow inmates if he is returned to the general prison population.

Despite respondent's assertions about his condition and his ability to control his aggressive conduct, competent medical testimony by respondent's treating psychiatrist establishes that respondent suffers from schizophrenia and that his delusional and confrontational behavior, if left untreated, would pose a danger to himself and others if he were returned to the general prison population. On this record, the court fully agrees with the magistrate judge's careful application of the standards for determining when commitment of a federal prisoner is warranted. Therefore, after conducting a de novo review of the file and record herein, **IT IS HEREBY ORDERED** that:

1. The government's Petition to Determine the Present Medical Condition of an Imprisoned Person under 18 U.S.C. § 4245 [Doc. No. 1] is granted.

2. Respondent is committed to the custody of the Attorney General of the United States.

3. The Attorney General shall hospitalize Respondent at FMC-Rochester for observation and treatment.

Dated: September 10, 2001

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.